**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GERALD SMOTHERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-11-311-HE |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of a decision by the Social Security Administration denying his applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI). Defendant has answered the Complaint and filed the administrative record (hereinafter TR ___ ), and the parties have briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

## I.    Procedural Background

Plaintiff reported an inability to work due to bipolar disorder, depression and sleep apnea. (TR 187). He has a long history of these mental impairments with treatment dating back to 1995. (TR 16, 280).

Plaintiff alleged a disability onset date of June 2,1996, later amended to November 1, 2003. (TR 13, 29). The Social Security Administration denied his applications initially and on reconsideration.

1

(TR 61, 62, 64, 65, 85-87, 88-90).  Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision.  (TR 13-25).  The Appeals Council denied Plaintiff's request for review.  (TR 1-3).  Plaintiff now seeks judicial review of the final decision of the Defendant Commissioner embodied in the ALJ's determination.

## II.   The ALJ's Decision

The ALJ followed the five-step sequential evaluation process required by agency regulations. See Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520, 416.920.  The ALJ determined Plaintiff had severe impairments of "a schizoaffective disorder and a substance abuse disorder."  (TR 16).  He further determined, in light of these impairments, that Plaintiff could not perform his past relevant work, or any work in the national economy and, therefore, Plaintiff was disabled.  (TR 20-21).

However, the ALJ was further required, by agency regulations, to determine whether drug addiction or alcoholism is a contributing factor material to the determination of disability.  See 20 C.F.R. §§ 404.1535, 416.935.  Applying these regulatory provisions, the ALJ determined Plaintiff was not disabled, concluding that Plaintiff's "substance use disorder is a contributing factor material to the determination of disability."  (TR 25).

## III.   Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied.  See Poppa v. Astrue, 569 F.3d 1167, 1169 (10th Cir. 2009).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." <u>Doyal v. Barnhart</u>, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision

is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is

a mere scintilla of evidence supporting it. <u>Branum v. Barnhart</u>, 385 F.3d 1268, 1270 (10th Cir. 2004).

The court "meticulously examine[s] the record as a whole, including anything that may undercut or

detract from the [administrative law judge's] findings in order to determine if the substantiality test has

been met." <u>Wall v. Astrue</u>, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court

considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence

in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of

the Commissioner. <u>Bowman v. Astrue</u>, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations

omitted).

## IV.   Issues Raised on Appeal

Plaintiff raises two issues on appeal. First, Plaintiff claims the ALJ erred, as a matter of law,

by failing to properly evaluate the opinion rendered by a physician's assistant, Richard K. Higgins, who

provided treatment to Plaintiff from August 2008 through July 2009. Second, Plaintiff claims the ALJ's

analysis of his substance abuse impairment is legally flawed and factually not supported by substantial

evidence.

## V.   Analysis

### A.   The Opinion of Physician's Assistant, Richard K. Higgins

A physician's assistant, Richard K. Higgins ("PA Higgins"), provided treatment to Plaintiff at

the Ryan Medical Clinic during the time period August 2008 through July 2009. On July 3, 2009, PA

Higgins wrote a letter to Plaintiff's attorney and provided the following opinion:

Mr. Smotherman has been a patient of mine since I arrived at this clinic in August, 2008. Since that time I have seen Mr. Smotherman on a monthly basis for his chronic headaches, anxiety, and obesity. Mr. Smotherman has required controlled medications throughout this time to relieve his headaches and control his anxiety. His chronic pain medications have controlled his headaches to a tolerable level. However, we have had difficulty in controlling his anxiety. At times Mr. Smotherman has reported that his anxiety was so severe that he would only leave his home to go to the store for food. Mr. Smotherman has also received controlled medications for his obesity which have assisted him in losing thus far a total of 45 pounds. Throughout my relationship with Mr. Smotherman, active alcohol and/or drug abuse have not been a [sic] issue. His chronic need for narcotic pain medications and his anxiety have been the primary issue precluding him from working.

(TR 455).[1]

It is undisputed by the parties that the ALJ did not expressly address PA Higgins' opinion in issuing his decision. Nonetheless, the Commissioner contends the ALJ properly considered the opinion because, in the decision, the ALJ stated that he considered all of the evidence. See Brief in Support of Commissioner's Decision (Doc. #19) at 6-7; see also (TR 24) ("The opinions of acceptable medical sources have been considered in accordance with the provisions of SSR 06-03p. All opinions of record have been carefully considered in light of the need to determine the extent to which the claimant's limitations would remain if the claimant did not engage in substance abuse."). The Commissioner further contends any error by the ALJ in not discussing the opinion is harmless. See Brief in Support, at 7. The Court rejects the Commissioner's contentions and finds a remand is required.

A physician's assistant is not considered an "acceptable medical source" as defined by the regulations, but is an "other source" whose opinion must be considered by the ALJ along with the other medical evidence of record. 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1). Pursuant to Soc. Sec. Rul.

---

[1]The hearing before the ALJ took place three days later, on July 6, 2009.

06–03p, it is paramount for the ALJ to explain the weight given to "other source" opinions or to "otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." Soc. Sec. Rul. 06-03p, 2006 WL 2329939 at *6.[2]  Indeed, the ruling provides that "depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source' including the medical opinion of a treating source." Id., 2006 WL 2329939 at *5.[3]

As noted, PA Higgins states that Plaintiff abstained from drug and alcohol abuse during the approximate one-year period of his treatment.  The record contains evidence of relapses by Plaintiff at times relevant to the period under review.  See, e.g., (TR 298, 320, 345, 400).  But these relapses

---

[2]As the ruling recognizes:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not 'acceptable medical sources,' such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources . . . are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

Id., 2006 WL 2329939, at *3.

[3]Opinion evidence from "other sources" is evaluated using the factors outlined in 20 C.F.R. §§ 404.1527(d), 416.927(d), as explained in further detail in Soc. Sec. Rul. 06–03p. The factors include: (1) the length of time the source has known the claimant and how frequently the source has seen the claimant; (2) the consistency of his opinion with other evidence; (3) whether there is relevant evidence to support the opinion; (4) how well the opinion is explained; (5) the source's qualifications; and (6) any other factors that tend to support or detract from the opinion.

Id., 2006 WL 2329939, at * 4-5.

occurred prior to the period of PA Higgins' treatment of Plaintiff.  In addition, the record contains

evidence that Plaintiff received treatment for abscesses, (TR 359, 362, 449-450), treatment the state

agency psychologist, Dr. Pearce, opined was indicative of methamphetamine use.  (TR 432).  Again,

however, this treatment mostly pre-dates PA Higgins period of care.[4]  Thus, PA Higgins' opinion that

Plaintiff abstained from substance abuse during the period of his treatment appears uncontroverted by

the current record.[5]  In addition, PA Higgins expressly opined that substance abuse was not a

contributing factor material to the determination of disability.  PA Higgins' opinion is the only opinion

evidence addressing the materiality determination.  For this reason, contrary to the Commissioner's

contention, the ALJ's failure to discuss PA Higgins' opinion is not harmless.[6]

Accordingly, in order to effectuate the express policy set forth in Soc. Sec. Rul. 06-03p, a

remand is required.  See Bowman v. Astrue, 512 F.3d 1270, 1275 (10th Cir. 2008). On remand, the ALJ

shall consider the opinion of PA Higgins, set forth the weight given to his opinion, and explain the

---

[4]At the outset of PA Higgins' care, on August 11, 2008, he provided treatment to Plaintiff for an abscess.  (TR 449-450).  But there is no evidence of treatment for abscesses thereafter.

[5]Also at the outset of PA Higgins' treatment, he cautioned Plaintiff about the importance of taking his medications only as prescribed and at that time, refused to refill a prescription for phentermine as requested by Plaintiff.  (TR 452).  Thereafter, the record shows that PA Higgins prescribed phentermine to Plaintiff.  (TR 436, 438, 440, 444, 446, 447).  PA Higgins opined that this was "controlled medication" for treatment of Plaintiff's obesity.  The state agency psychologist, Dr. Pearce, observed in his opinion that Plaintiff "had been taking Phentermene to lose weight and this is a stimulant to lose weight."  (TR 432).  But Dr. Pearce provided no opinion as to whether use of this drug indicated abuse by Plaintiff.  The ALJ did not address Plaintiff's use of phentermine in rendering his decision.

[6]Moreover, the Commissioner impermissibly relies on post-hoc justifications to support the contention that any error is harmless.  See Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004) (the decision of the ALJ is "evaluated based solely on the reasons stated in the decision," without engaging in a post-hoc effort to salvage it); see also Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005) ("[T]he district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself.").

reasons for the level of weight provided.

**B.     The ALJ's Analysis Regarding Whether Alcoholism or Drug Addiction is a Contributing Factor Material to the Disability Decision**

As set forth above, the ALJ found Plaintiff has severe impairments of both schizoaffective disorder and substance abuse disorder.  In <u>Salazar v. Barnhart</u>, 468 F.3d 615 (10th Cir. 2006), the Tenth Circuit Court of Appeals faced an appeal brought by a claimant with similar impairments. The court addressed the fact that the Social Security Administration has advised, in a teletype, how to apply 20 C.F.R. §§404.1535(a) and 416.935(a) in "situations where a claimant has one or more other mental impairments in addition to DAA [drug and alcohol abuse]."  <u>Id.</u> at 623.[7]

As the Tenth Circuit noted, the teletype instructs that "if a claimant's mental impairments cannot be separated from the effects of substance abuse, the DAA is *not* a contributing factor material to a disability determination[.]" The court further noted:

> With regard to the materiality finding, the Commissioner's teletype further directs that where a medical or psychological examiner cannot project what limitations would remain if the claimant stopped using drugs or alcohol, the disability examiner should find that DAA is *not* a contributing factor material to the disability determination.

<u>Id.</u> at 623.  In <u>Salazar</u>, the physicians treating the claimant never assessed "whether [the claimant's] mental disorders were disabling in the absence of DAA" and, therefore, the court concluded their

---

[7]The teletype instructs that:

The most complicated and difficult determinations of materiality will involve individuals with documented substance use disorders and one or more other mental impairments.  In many of these instances, it will be very difficult to disentangle the restrictions and limitations imposed by the substance use disorder from those resulting from other mental impairment(s).

<u>Salazar</u>, 468 F.3d at 623.

7

opinions "did not rise to the level of substantial evidence" to support the ALJ's materiality finding.  Id. at 625.

As Plaintiff has severe impairments of both schizoaffective disorder and substance abuse disorder, Salazar is directly applicable. As in Salazar, here the ALJ's findings are not supported by any medical or opinion evidence projecting what limitations would remain if Plaintiff were to stop using drugs or alcohol.[8]  As set forth in relation to Plaintiff's first claim of error, the only opinion in the record that addresses the materiality issue is that of PA Higgins and the ALJ did not discuss that opinion. Significantly, PA Higgins states that his opinion covers a time period during which Plaintiff had abstained from drug or alcohol use.  In Salazar the Tenth Circuit instructed that this is some of the "most useful" evidence.  See id. at 623 (the teletype "stresses the need for careful examination of periods of abstinence").  Accordingly, the ALJ's determination that substance abuse was a contributing factor material to the disability decision is not supported by substantial evidence, requiring a remand.

On remand, the ALJ must expressly address the opinion of PA Higgins, in accordance with Soc. Sec. Rul. 06-03p.  In addition, the ALJ must cite medical evidence projecting what limitations would remain if Plaintiff stopped drug or alcohol abuse.  The ALJ must follow the proper analysis as set forth in the Commissioner's teletype instructions.  See Salazar, 468 F.3d at 623-624.

---

[8]The ALJ primarily relied on the opinion of Dr. Pearce, a state agency psychologist. (TR 18, 432).  Dr. Pearce opined that: "[Mr. Smotherman] appears to meet the Listing for Schizoaffective Disorder; however, it appears to be due to a long history of polysubstance abuse with methamphetamines being his choice of drug." (TR 432).  Dr. Pearce's opinion makes no attempt to separate the effects of substance abuse, or project what limitations would remain if the substance abuse stopped.  In addition, Dr. Pearce rendered his opinion in September 2008, at a time when PA Higgins had just begun treating Plaintiff.

## **RECOMMENDATION**

In view of the foregoing findings, it is recommended that the Commissioner's decision be reversed and remanded for further consideration consistent with this Report and Recommendation. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before _____ May 21st, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __30th__ day of _____ April, 2012.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

9